RICHARD B. EVANS
PETER M. NOTHSTEIN
Trial Attorneys
Public Integrity Section
U.S. Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 514-1412
Facsimile: (202) 514-3003
Email: Richard.B.Evans@usdoj.gov
Email: Peter.Nothstein@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **UNTED STATES OF AMERICA** | |
| **v.** | **17-CR-00550-SOM** |
| **DUANE NISHIIE,** | |
| **Defendant.** | |

## UNITED STATES' OPPOSITION TO DEFENDANT DUANE NISHIIE'S MOTION TO CONTNUE TRIAL

Defendant Duane Nishiie's Motion to Continue Trial [Dkt. 41] prematurely requests to continue the already distant and jointly agreed-upon trial date of November 8, 2018 by six months. The motion is premature because, although the discovery appears large, the defendant concedes in his motion that he has reduced the largest component of the discovery from 1.2 million pages to a manageable 60,000 documents using broad search terms. As is discussed below, the

government anticipates it will only introduce relatively few documents from the 1.2 million pages produced and the government has identified almost all of those documents for counsel.  Further, to the extent that any of the remaining 60,000 documents may be relevant to a defense case, the review of those documents can be facilitated by the use of targeted search terms.  Given the already lengthy pre-trial period and the remaining more than four months before the motions deadline, the government objects to a continuance.  The government requests that the current date, or any new date granted over the government's objection be set as a firm trial date to prevent any further delay. [1]

## I.   FACTUAL BACKGROUND

The government has provided four productions to date, summarized in the chart below.

| Government Production | Defense Name | Contents |
|---|---|---|
| Production 1 9/22/17 | "Set Number 1" | 1,875 pages<br>• 21 grand jury transcripts (986 pages)<br>• 37 grand jury exhibits (684 pages)<br>• 4 search warrants (201 pages)<br>• 1 pen register (14 pages) |
| Production 2 11/21/17 | "Set Number 3" | 1,227,221 pages<br>• Five large productions (1,218,521 pages)<br>• Other subpoenaed documents (8,700 pages) |

---

[1]      To correct an assertion from the defendant's motion, the government anticipates that this trial will take three weeks, not three months, which should make setting a firm date somewhat easier.  Def.'s Mot at 6.

| Production 2 11/21/17 Thumb Drive | "Set Number 2" | 3,767 pages<br>• Grand jury transcripts (165 pages)<br>• Subpoenaed documents (3,602 pages) |
|---|---|---|
| Production 2 11/21/17 | "Set Number 4" | Discovery log (1 Excel spreadsheet) |
| Production 3 12/26/17 | "Set number 5" | FBI Records (2,988 pages) |
| Production 4 4/18/18 | "Set number 6" | CID Records (393 pages) |

## II.   ARGUMENT

### A.   The Volume of Discovery Does Not Warrant 18 Months to Prepare for Trial.

Although this case involves alleged bribery with regard to two large government contracts, the key discovery—investigative reports, grand jury transcripts, and relevant documents—are not voluminous, totaling under 6,000 pages. The government also obtained a large number of documents from five of the entities involved in the construction projects at issue, and has provided them to the defendant. These documents, concentrated in Production 2, total more than 1.2 million pages, but the government's review indicates that only approximately a few dozen documents are relevant to the charges. In recognition of the volume of discovery, the government hosted defense counsel for a lengthy in-person meeting on December 4, 2017 to explain the government's theory of the case and to provide

the key documents from these large productions on which the government intends

to rely at trial.  Of course, defense counsel must conduct his own review to satisfy

his obligations and zealously represent his client, but the use of targeted search

terms greatly reduces the number of documents that must be reviewed

It appears from the defendant's motion that he now has the ability to use

search terms to locate the potentially relevant documents, just as the government

did, to facilitate his review.  Def.'s Mot. at 4.   Defense counsel states that he has

applied search terms to Production 2 and has narrowed the universe of potentially

relevant documents to approximately 60,000.  *Id*.  However, it appears that the

search terms used may be refined further, resulting in an even smaller potentially

relevant set.  The defendant's exhibits A-H show that the defendant has applied

search terms that may be unduly broad: "Duane Nishiie" (Ex. A, G, H); "JTO 16"

(Ex. B, C); "LDUI" (Ex. D); and "Seung-Ju Lee" (Ex. E, F).  It is likely that with

further refinement of the terms or other search operators, the defendant could

narrow the number of documents for review to far less than 60,000.  Moreover, the

government has already identified for the defense nearly all of the documents that

encompass the universe of potential documents to be offered at trial from this

production.  Because the defendant already knows most of the documents that may

be offered at trial, his pretrial motions to suppress, exclude, or dismiss may be

prepared now.  There is no need to extend the six months that still remain prior to the current trial date.

### B.    An Additional Six Month Continuance is Not Warranted.

Given the government's identification of potential trial evidence and the defense's ability to narrow the universe of any other potentially relevant documents with more targeted search terms, it should not take defense counsel a significant amount of time to review the remaining documents and prepare for trial.[2]  Therefore, no continuance is warranted at this time – a full six months before the currently scheduled trial date.  However, if this Court is inclined to grant any continuance, the government suggests that a more modest continuance of three months, to February 2019, is the longest continuance that is appropriate.  As the defendant acknowledges, the need to present foreign witnesses at trial makes the prospect of future continuances a challenge for the government.  Furthermore, this case already involves conduct that is several years in the past, and memories do not improve over time.  Finally, the prospect of the appearance of co-defendant Seung-Ju Lee in this district remains speculative at this time, as he is currently on trial and

---

[2]    It appears that to date, the pace of review has been slow for unknown reasons.  For example, the defendant states in his motion that it took two and a half months to review Production 1, which was comprised of 1,875 pages of mainly grand jury transcripts and exhibits.  Def.'s Mot. at 4.  Approximately 110 pages of Production 1 required translation from Korean, though that estimate is high because many documents were drafted in Korean and English, due to the joint nature of the construction projects at issue.

in custody in Korea.  Therefore, it is premature to delay the trial in anticipation of his appearance in the United States.

### C.     A Firm Set Trial Date is Appropriate.

In the event this Court grants any continuance, a firm set trial date is appropriate.  During the parties' meet and confer, the defense requested a continuance to April 2019, but would not agree to a firm set date and indicated that the defense would likely need additional continuances beyond April 2019, which was the primary basis for the government's objection to the requested continuance. Given the already lengthy pretrial period and the logistical challenges of planning this trial, it is the government's position that any continuance should result in a firm-set trial date.  The defendant now does not object to a firm set trial date. Def.'s Mot. at 6.

### III.   __CONCLUSION__

For the reasons stated herein, the government opposes the defendant's request for a six-month continuance.  The government's position is that no continuance is appropriate at this time, but that if any continuance is to be granted, a maximum of a 90-day continuance is appropriate, and any new trial date should be firmly set.

Respectfully submitted this 1st day of May, 2018.

AnnaLou Tirol, Acting Chief
Public Integrity Section


____//s//_____
Richard B. Evans
Peter M. Nothstein
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Ave., NW
Washington, D.C.  20530
(202) 514-1412

## **Certificate of Service**

I HEREBY CERTIFY that this 1st day of May, 2018 an electronic copy of the foregoing was served view the Court's ECF system on Louis Ching, Esq., counsel for defendant Duane Nishiie.


___//s//_____
Richard B. Evans
Peter M. Nothstein
Trial Attorneys