RICHARD B. EVANS
PETER M. NOTHSTEIN
Trial Attorneys
Public Integrity Section
U.S. Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 514-1412
Facsimile: (202) 514-3003
Email: Richard.B.Evans@usdoj.gov
Email: Peter.Nothstein@usdoj.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNTED STATES OF AMERICA<br><br>v.<br><br>DUANE NISHIIE,<br><br>Defendant. | 17-CR-00550-SOM |

### UNITED STATES' OPPOSITION TO DEFENDANT DUANE NISHIIE'S MOTION TO SET AN EARLY DATE FOR EXCHANGE OF WITNESS AND EXHIBIT LISTS

Defendant Duane Nishiie's Motion to Set an Early Date for Exchange of Witness and Exhibit Lists [Dkt. 53] requests an unwarranted departure from this Court's Local Rules and usual practice of setting a time to exchange witness and exhibit lists at the pretrial conference, currently scheduled for February 25, 2018. Throughout this case, the government has made a concerted effort to educate defense counsel on this case, including providing early Jencks, organizing

discovery, and conducting an in-person explanation of the case, the evidence and likely witnesses, and offering to do so again with counsel and the defendant. Moreover, despite the volume of discovery, this case is not as sprawling and complicated as the defendant portrays it to be.

The government made its first production of documents at the defendant's arraignment on September 22, 2017. The discovery consisted of the grand jury transcripts of 19 of the 20 witnesses, 37 of the 106 grand jury exhibits, and the four search warrants involved in the case.

On December 6, 2017, the government met with defense counsel for over two hours and explained the government's theory of the case and highlighted for counsel the key documents on which the government would rely and which witnesses were most germane to each issue. Following that meeting, the government has repeatedly offered to conduct a similar briefing of the case for the defendant and to answer any other questions about the case that the defendant or his counsel may have. The defendant and his counsel have consistently declined the government's offers.

As is described in the government's Opposition to Defendant's Duane Nishiie's Motion to Continue Trial [Dkt. 42], this case involves a significant amount of discovery, but the vast majority of that discovery is largely irrelevant.

Furthermore, the government has organized and produced the discovery so as to identify the most important documents and streamline defense counsel's review.

This case involves 21 grand jury witnesses and just over 100 grand jury exhibits, all of which defense counsel has had in his possession for more than a year. The government has repeatedly told defense counsel, as early as September 22, 2017, that these witnesses and exhibits will comprise the majority of the government's case at trial. Ultimately, the case is simply not as complicated as the defendant paints it to be.

The discovery in this case is not so burdensome as to warrant this Court to deviate from its usual practice of setting the date for the exchange witness and exhibit lists at the pretrial conference, which is currently set for February 25, 2018. CrimLR17.1.1. A lengthy period of time from indictment to trial—18 months—has already been granted to provide defense counsel with the requisite time to conduct a thorough review of the discovery.

Moreover, a witness and exhibit list created two months before trial will ultimately not be useful. As trial approaches, the government will inevitably revise, refine, and hopefully reduce the witnesses it intends to call and exhibits it plans to use. This is especially true in this case where several of the possible witnesses live outside of the United States and may or may not be available at the

time of trial. Witness and exhibit lists provided on a schedule consistent with the Court's normal practice will be more useful for all parties.

Finally, the government should not be required to provide an early witness list because a grand jury for the United States District Court for the Middle District of Tennessee has found probable cause to believe that the defendant has already engaged in witness tampering while on supervised release. *See* Exhibit A at 8-9 (indictment in *United States v. Hyeong-Won Lee, et al., 2:18-cr-20378*-TLP, returned on November 8, 2018).

That indictment alleges, and the government's evidence at this trial will include evidence that, after his indictment and release on conditions of supervision, the defendant contacted a witness in Korea through another co-conspirator, and encouraged that witness not to come to the United States and cooperate with law enforcement. Those actions have led to that witness likely being unavailable for the government at trial. Furthermore, other witnesses who have already testified in the grand jury have recently expressed reluctance to travel to the United States again to testify or even speak with U.S investigators. For these reasons, the government should not be required to share its witness list early and risk further witness tampering by the defendant.

For the reasons stated herein, the government opposes the defendant's motion for an early date to exchange witness and exhibit lists.

Respectfully submitted this 9th day of November, 2018.

                                    AnnaLou Tirol, Acting Chief
                                    Public Integrity Section

                                    ___//s//_____
                                    Richard B. Evans
                                    Peter M. Nothstein
                                    Trial Attorneys
                                    Public Integrity Section
                                    Criminal Division
                                    U.S. Department of Justice
                                    1400 New York Ave., NW
                                    Washington, D.C.  20530
                                    (202) 514-1412

## Certificate of Service

      I HEREBY CERTIFY that this 9th day of November, 2018 an electronic copy of the foregoing was served view the Court's ECF system on Louis Ching, Esq., counsel for defendant Duane Nishiie.

                                                    __//s//_____
                                                    Richard B. Evans
                                                    Peter M. Nothstein
                                                    Trial Attorneys