RICHARD B. EVANS
PETER M. NOTHSTEIN
ERICA O'BRIEN WAYMACK
Trial Attorneys
Public Integrity Section
U.S. Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 353-7760
Facsimile: (202) 514-3003
Email: Richard.B.Evans@usdoj.gov
Email: Peter.Nothstein@usdoj.gov
Email: Erica.O'Brien.Waymack@usdoj.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNTED STATES OF AMERICA<br><br>v.<br><br>**DUANE NISHIIE,**<br><br>**Defendant.** | 17-CR-00550-SOM |

### GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT
### FOR VIOLATION OF THE STATUTE OF LIMITATIONS

The United States, by and through undersigned counsel, respectfully submits the following Supplemental Brief in Opposition to Defendant Duane Nishiie's Motion to Dismiss the Indictment. Dkt. 89. In sum, as demonstrated by every court to have addressed the application of the Wartime Suspension of Limitations Act (WSLA) (18 U.S.C. § 3287) to offenses involving fraud against the United States,

such offenses need not relate in any manner to the use-of-force authorization at issue. The amicus brief filed by the defendant in support of his motion (Dkt. 99) presents proposed policy arguments to narrowly construe the WSLA that are not supported by the controlling case law.  These arguments should be rejected.[1]

### THE AMICUS BRIEF PRESENTS ONLY POLICY ARGUMENTS NOT SUPPORTED BY THE LAW; THE WSLA APPLIES TO THE INDICTMENT

The amicus brief presents policy arguments as to why the WSLA should be narrowly construed, not legal precedent on which this Court can rely.[2]  The amicus suggests two arguments: that the WSLA should only apply to (1) "war frauds, that is, frauds against the United States relating to the specific armed conflict authorized by Congress"; and (2) "pecuniary frauds, that is, fraud that causes a tangible, measurable, pecuniary loss to the federal fisc." Dkt. 99, Ex. A at 5.  That interpretation is contrary to the plain text of the statute.

As to the first argument, the amicus ignores the fact that courts have consistently applied the "grammatical rule of the last antecedent" and found that the phrase "which is connected with or related to the prosecution of the war" in the third

---

[1] As the Court acknowledged during the July 18 hearing, both Counts One and Six allege acts within five years of the date of Indictment and thus are not barred by the statute of limitations regardless of the application of the WSLA. *See* Dkt. 1 at ¶¶ 70-73; ¶ 80.

[2] The only other court to consider this amicus brief declined to adopt its arguments, denying defendant's motion to dismiss by Minute Entry.  *United States v. Newland*, 17-CR-0623-JLS (S.D.C.A.), Dkt. 18.

prong of the WSLA does not apply to the first two prongs. *United States v. Wells Fargo Bank, N.A.*, 972 F.Supp.2d 593, 613 (S.D.N.Y. 2013) (citing *Barnhart v. Thomas,* 540 U.S. 20, 26, (2003)); *see also, United States v. Lurie*, 222 F.2d 11, 15 (7th Cir. 1955); *United States v. Prosperi*, 573 F.Supp.2d 436, 442 (D. Mass. 2008). That principle states that "a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows," *Decker v. Nw. Envtl. Def. Ctr.,* 133 S.Ct. 1326, 1343 (2013) (internal quotation marks omitted). Accordingly, the "which is connected" phrase only applies to the third prong of the WSLA. Nothing in the Senate report cited by the amicus indicates that Congress intended to apply the WSLA to only "war frauds" as defined by the amicus.

The amicus brief also misstates the holding of the only Ninth Circuit opinion to address the application of the WSLA, albeit in an unpublished decision: *United States v. Jucutan*, 756 F. App'x 691 (9th Cir. 2018), *cert. denied*, 139 S.Ct. 2656 (2019). The amicus makes the erroneous claim that: "The Ninth Circuit has agreed that a fraud must be specifically war-related in order for the statute of limitations to be suspended under the WSLA." Dkt. 99, Ex. A at 6. That was not the court's holding. The court found that the government had demonstrated that the charges arising out of a recruiting bonus scheme satisfied the third prong of the WSLA and that the recruiting assistance program had a direct connection to the two AUMFs now in force. *Jucutan,* 756 F. App'x at 692. There is in nothing in the *Jucutan*

3

decision to indicate that the court believed that the requirement of a direct connection to the AUMF similarly applied to prongs one and two of the WSLA. And rightly so, as other courts have held that the conduct falling within the WSLA need not have anything to do with war, the military, or the hostilities that gave rise to the relevant AUMF. *See, e.g., United States v. Grainger*, 346 U.S. 235 (1953); *Prosperi*, 573 F.Supp.2d at 439; *Wells Fargo Bank, N.A.*, 972 F.Supp.2d 593.

The amicus brief contains no citation to any case supporting a contrary proposition and defendant in this case has similarly failed identify such a case for this Court. For a court to now hold that this limiting phrase applies to prongs one and two of the WSLA would be unprecedented and contrary to existing case law.

In addition, the courts to have addressed the fraud prong of the WSLA have construed it broadly, implying that there is no requirement of a connection to the war effort. The Supreme Court has held that the phrase "involving fraud . . . in any manner" makes the WSLA "applicable to all offenses which are fairly identifiable as those in which fraud is an essential ingredient, by whatever words they be defined" and where "falsity, fiction or fraud" is involved in the offense. *Grainger*, 346 U.S. at 244. The fraud must be of "a pecuniary nature or of a nature concerning property." *Bridges v. United States*, 346 U.S. 209, 216-221 (1953).

Courts have applied the WSLA to both honest services fraud and bribery charges under § 201, as charged in counts One through Five here. *United States v.*

*Loman*, 597 F. App'x 518, 520, 523 (10th Cir. 2015); *United States v. Pfluger*, 685 F.3d 481, 482 (5th Cir. 2012); *United States v. Shelton*, 816 F. Supp. 1132, 1135 (W.D. Tex. 1993).  Bribery and conspiracy to commit bribery involve "falsity, fiction, and fraud" upon the U.S. government insofar as the defendant violated his duties of loyalty to the government and falsely presented to the Army that the contracts at issue were won by SK through a valid procurement process, when in fact they were obtained through bribery.

Fraud is similarly an "essential ingredient" of Counts Six through Nine, because those counts allege that the defendant laundered and failed to disclose, as required by law, the proceeds of his fraudulent scheme against the United States.  The Indictment alleges that these omissions were intentional acts of concealment made in furtherance of the conspiracy.  Because evidence of the bribery scheme is inextricably linked to Counts Six though Nine, the evidence at trial will establish that fraud is an essential ingredient of these charges.

The second prong of the WSLA—addressing offenses committed in connection with the acquisition, care, handling, custody, control or disposition of property of the United States—similarly applies to the entire Indictment because the government's case is premised upon evidence that the defendant received bribes in exchange for official acts related to two contracts for the construction of a military base.  As alleged in the Indictment, the two contracts at issue "involved the

5

acquisition, care, handling, custody, control or disposition of any real or personal property of the United States," Dkt. 1 at ¶ 13; *see* 18 U.S.C. § 3287(2), and each of the charges in the Indictment arise out of crimes committed by the defendant in connection with his handling of these contracts. *See, e.g., United States v. Chamberlain*, No. 5:14-CR-128-2-H, 2018 WL 2994280 at *3 (E.D.N.C. June 14, 2018) (applying prong two of WSLA to charges of § 371 and theft of government property); *United States v. Arnold*, 991 F.Supp.2d 1307, 1314 (S.D. Georgia 2014) (applying prong two of WSLA to charges of theft and disposal of government property).

Critically, the conduct falling under prongs one and two of the WSLA need not have anything to do with war, the military, or the hostilities that gave rise to the relevant AUMF. *See, e.g., Grainger*, 346 U.S. 235 (applying the WSLA to charges of false claims for wool purchases); *Prosperi*, 573 F.Supp.2d at 439 (applying the WSLA to contracts related to the Big Dig Project in Boston); *United States v. Wells Fargo Bank, N.A.*, 972 F.Supp.2d 593 (S.D.N.Y. 2013) (applying the WSLA to false claims submitted to HUD).

As to the second argument presented by the amicus brief—that the WSLA "should only apply to pecuniary fraud" resulting in a loss to the government—the amicus cites to only two cases from the 1950s in support of its policy argument, and it ignores the fact that the WSLA has been applied in numerous cases charging

bribery, conspiracy, honest services wire fraud and embezzlement, where the government was not required to prove a pecuniary loss. *See, e.g., Loman*, *Pfluger*, and *Shelton*, *supra* at 4-5; *United States v. Melendez-Gonzalez*, 892 F.3d 9, 15 (1st Cir. 2018).

The amicus further argues that the above two restrictions should apply to the WSLA given that Congress must formally terminate the war or AUMF for the WSLA tolling to end, which could lead to a lengthy suspension of the applicable statutes of limitation. There is no support for this argument in the legislative history or the case law. Through the revised WLSA, Congress clearly stated its intent that formal cessation is required for a war or AUMF to be considered "terminated" for purposes of the WSLA. *See, e.g., United States ex rel. Carter v. Halliburton Co.*, 710 F.3d 171, 179 (4th Cir. 2013), *aff'd in part, rev'd in part and remanded sub nom. Kellogg Brown & Root Servs. Inc. v. United States, ex rel. Carter,* 135 S. Ct. 1970 (2015); *Pfluger,* 685 F.3d at 484–85; *United States v. Frediani*, 790 F.3d 1196, 1200–01 (11th Cir. 2015); *United States v. DeLia*, 906 F.3d 1212, 1218 (10th Cir. 2018). *But see*, *Prosperi*, 573 F.Supp.2d at 442; United States v. Pearson, No. 2:09cr43-KS-MTP, 2010 WL 3120038, at *2 (S.D. Miss. Aug. 4, 2010) (unpublished).

As stated in the Senate Report, the intent of the amendments in 2008 was, in part, "so that the date ending the authorization of military force is clear, so courts,

7

prosecutors, and litigants can be sure when the statute of limitations starts to run. This change will avoid any confusion or unnecessary litigation in enforcing fraud cases in the future." S. Rep. 110-431 at 4. Although the two authorizations relied upon in this case have been running for more than a decade, members of Congress are aware of that fact, and even as of this year have made efforts to terminate them. *See* Adopted Amendments to the FY2020 Defense Bill at 14, *available at* https://appropriations.house.gov/sites/democrats.appropriations.house.gov/files/FY2020%20Defense%20Amendments%20ADOPTED.pdf. The decision to repeal an AUMF is within the province of Congress, and Congress understood the formal termination that it required for the tolling under the WSLA to end. Amicus' arguments to the contrary may be appropriate for congressional debate and for advocating further amendments to the WSLA, but they provide no authority for courts to contradict the unambiguous requirements of the statute.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny defendant's motion to dismiss with prejudice.

Respectfully submitted this 30th day of July, 2019.

>AnnaLou Tirol, Acting Chief
>Public Integrity Section
>
>
>_/s/_ _Erica O'Brien Waymack_
>
>Richard B. Evans
>Peter M. Nothstein
>Erica O'Brien Waymack
>Trial Attorneys
>Public Integrity Section
>Criminal Division
>U.S. Department of Justice
>1400 New York Ave., NW
>Washington, D.C.  20530
>(202) 514-1412

## Certificate of Word Count

I HEREBY CERTIFY, pursuant to Local Rule 7.5, that this document was written in Times New Roman font, double-spaced with font size 14.  The word count, as computed by Microsoft Word, is 1,842 words.

                               _/s/*Erica O'Brien Waymack*__

                               Richard B. Evans
                               Peter M. Nothstein
                               Erica O'Brien Waymack
                               Trial Attorneys
                               Public Integrity Section
                               Criminal Division
                               U.S. Department of Justice
                               1400 New York Ave., NW
                               Washington, D.C.  20530
                               (202) 514-1412

## **Certificate of Service**

I HEREBY CERTIFY that this 30th day of July, 2019, an electronic copy of the foregoing was served view the Court's ECF system on Louis Ching, Esq., counsel for defendant Duane Nishiie.

      /s/ *Erica O'Brien Waymack*

Richard B. Evans
Peter M. Nothstein
Erica O'Brien Waymack
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Ave., NW
Washington, D.C.  20530
(202) 514-1412