LOUIS MICHAEL CHING 4209
ATTORNEY AT LAW
4475 KILAUEA AVENUE
HONOLULU, HAWAII 96816
TEL: (808) 392-8727

ATTORNEY FOR DEFENDANT
DUANE NISHIIE

IN THE UNITED STATES OF DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00550-SOM |
| Plaintiff, | ) | |
| vs. | ) | |
| DUANE NISHIIE, | ) | |
| Defendant. | ) | |
| | ) | DEFENDANT DUANE NISHIIE'S |
| | ) | MEMORANDUM IN SUPPORT OF THE |
| | ) | AMICUS CURIAE; |
| | ) | CERTIFICATE OF SERVICE |
| _____ | ) | |

DEFENDANT DUANE NISHIIE'S MEMORANDUM IN SUPPORT OF THE
AMICUS CURIAE
_____

[CERTIFICATE OF SERVICE ATTACHED]

I. <u>Indictment</u>.

The Indictment set forth on Page 2 summarizes the core of the Government's charges,

"6. In the course of executing the base relocation and Camp Humphreys expansion, FED was responsible, alongside the Korean Ministry of Defense, **for awarding infrastructure and construction contracts** to private companies."

These procurement contracts appear to fall into the 3rd prong of the WSLA, to wit,

" (3) committed in connection with the negotiation, **procurement**, award, performance,

…**of any contract**,….which is connected with or related to the prosecution of the war or

**directly connected with or related to the authorized use of the Armed Forces**."

I. <u>The relevant legislative history supports the amicus brief and requires a nexus with the ongoing war</u>:

```
Chairman Patrick Leahy introduced the bill, S. 2892, on
April 18, 2008, with Senator Grassley.
```

In April 18, 2008, Chairman Patrick Leahy introduced the Wartime Enforcement of Fraud Act of 2008 (WEFA), which was cosponsored by Senator Grassley. Senators Obama, Byrd, and Cardin have since joined as cosponsors. **This legislation will protect American taxpayers from criminal contractor fraud by giving investigators and auditors the time they need to thoroughly review contracts related to the ongoing conflicts in Iraq and Afghanistan.**

It appears specifically designed to address procurement frauds arising out of contracts related to the conflicts in Iraq and Afghanistan.

Hearings in both the Judiciary and Appropriations Committees have highlighted <u>the difficulty of conducting investigations and audits into contracting fraud as the war is ongoing.</u>\3\ **Inspectors General from the Defense Department, the State Department, and other agencies, as well as the Special Inspector General for Iraq Reconstruction (SIGIR), have consistently indicated that ongoing hostilities in Iraq and Afghanistan have significantly hampered their ability to review**

**contracts and pursue investigations.** For example, an audit by the Department of Defense Inspector General in May 2008 found that more than 90 percent of the $8.2 billion spent on contractors in Iraq lacked adequate documentation, and the DoD IG is still in the process of auditing billions spent on these contracts. Similarly, a separate SIGIR audit of a $1.2 billion State Department contract for security services in Iraq had to be stopped because Government and contractor officials could not find the invoices and documents showing how the money was spent. The State Department estimates it will take three to five years to find and organize the documentation for this contract, just for the audit to be completed. At this point, billions of dollars are unaccounted for, and it will take years to fully investigate and audit these expenditures for fraud.

In response to this problem, **the Deputy Secretary of Defense Gordon England and the Acting Defense Department Inspector General Gordon Hedell testified before the Senate Appropriations Committee on July 23, 2008 that the bill would help them complete their oversight of Iraq war contracts, and they both supported the bill.**

The legislative testimonial history strongly suggests that the WSLA is necessary for contracts which are directly connected to the Afghanistan or Iraq wars.

**This amendment is not intended to apply to peacekeeping missions under the auspices of the United Nations, or military actions not specifically authorized by Congress pursuant to the War Powers Resolution.**

This testimony suggests that only **war contracts** are applied and not **non-war contracts** or contracts not related to the Afghanistan or Iraq wars. "The term `war' includes a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution (50 U.S.C. Sec. 1544(b))."

Now, more than five years after the start of the **Iraq war** and nearly seven years after the beginning of the **Afghanistan war**, the statute of limitations has started to bar criminal actions in investigations of contracting fraud **early in these conflicts**. This bill will allow additional time for investigators and auditors to thoroughly investigate and review all war contracts.

**"The Wartime Enforcement of Fraud Act, S. 2892, would close a loophole in current law and give the government new power to prosecute contracting fraud in Iraq and Afghanistan."**

The legislative history is specific towards war contract frauds in Iraq and Afghanistan only. **Legislative Intent should control here.**

II. <u>The WSLA does NOT include acts of concealment.  Acts of Concealment after the objectives of the conspiracy may not be used to delay the running of the SOL</u>.

Concealment of the criminal plot after its completion is considered a natural component of all conspiracies.   Therefore, WSLA does NOT include acts of concealment.  Consequently, overt acts of concealment after the objectives of the conspiracy have been accomplished may not be used to delay the running of the statute of limitations.  <u>United States v. Smith</u>, 568 U.S. 106, 107 (2013); <u>Martinez</u>, 862 F.3d at 232-33; <u>United States v.Heard</u>, 709 F.3d 413, 427 (5th Cir. 2013); <u>United States v. Arias</u>, 431 F.3d 1327, 1340 (11th Cir. 2005); <u>United States v. Hitt</u>, 349 F.3d 1010, 1015 (D.C. Cir. 2001); <u>United States v. Monaco</u>, 194 F.3d 381, 387 n.2 (2d Cir. 1999).

Therefore, Count 1: 18 USC 371 (Conspiracy) ended at the last alleged transaction of bribe money from SK Corporation to the Defendants Nishiie and Lee in or about May 2012.  Any acts occurring after May 2012 would have been characterized as concealment or obstruction of justice, but not part of the conspiracy for purposes of calculating the Statute of Limitations.   See <u>Indictment</u> page 14;  lines 70-74.

DATED: Honolulu, Hawaii,  August 3, 2019.

*/s/ Louis Michael Ching*

_____
LOUIS MICHAEL CHING, ESQ.
Attorney for Defendant
Duane Nishiie