IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 17-00550 SOM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER REGARDING LIMITATIONS PERIODS |
| vs. | ) ) ) | |
| DUANE NISHIIE, aka "Suh Jae Hon"; and SEUNG-JU LEE, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER REGARDING LIMITATIONS PERIODS**

On September 27, 2019, this court ruled that the Wartime Suspension of Limitations Act ("WSLA") did not toll the limitations periods for the crimes alleged in the Indictment. Given this ruling, the court ordered the parties to meet and confer to see whether they could agree about which, if any, count or portion of a count should be dismissed. *See* ECF No. 113.

On October 8, 2019, the Government filed a status report, indicating that "the parties agree that, pursuant to the Order, all of the counts in the Indictment are beyond [the applicable statutes of limitations] and must be dismissed." ECF No. 115, PageID # 651. This position differs from representations made at the hearing that Counts One and Six would be timely even without the WSLA. Count One alleges a conspiracy based on acts that occurred from 2008 through 2015; Count Six alleges a conspiracy based on acts that occurred from 2008

through 2013.  *See* ECF No. 1, Page 4 of 22.  If acts in furtherance of a conspiracy occur during the applicable limitations period, the limitations period might not bar the corresponding count.  *See Smith v. United States*, 568 U.S. 106, 113 (2013).  The court therefore seeks clarification before dismissing all counts.

The court directs the Government, no later than October 18, 2019, to submit a document indicating (1) what the limitations period is with respect to each count asserted in the Indictment, (2) when each limitations period ran, (3) the date(s) of the events underlying each count, and (4) why each count is therefore time-barred absent application of the WSLA.  For example, with respect to Counts One and Six, the Government should state whether any overt act occurred less than five years before the filing of the Indictment on September 21, 2017, and also identify the overt act and its date.

The court notes that the present request for an additional brief essentially moots out the Government's request to delay the dismissal of the counts until October 22, 2019.  The court questions the propriety of a motion seeking reconsideration based on matters that could have been raised in the underlying briefs, but this court need not address that question here.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 8, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Nishiie, Crim. No. 17-00550 SOM; ORDER REGARDING LIMITATIONS PERIODS