IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 17-00550 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COUNTS TWO, |
| | ) | THREE, FOUR, FIVE, SEVEN, |
| vs. | ) | EIGHT, AND NINE |
| | ) | |
| | ) | |
| DUANE NISHIIE, aka "Suh Jae | ) | |
| Hon"; and SEUNG-JU LEE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COUNTS TWO, THREE,
FOUR, FIVE, SEVEN, EIGHT, AND NINE**

Defendant Duane Nishiie has moved to dismiss the
Indictment, arguing that the charges are barred by the applicable
statutes of limitations.  *See* ECF No. 89.  The Government opposes
the motion, arguing that the Wartime Suspension of Limitations
Act ("WSLA") tolls the applicable limitations periods.  *See* ECF
No. 96.  On September 27, 2019, after holding a hearing on the
motion, this court ruled that the WSLA was inapplicable.  The
court ordered the parties to meet and confer to see whether,
given this ruling, they could agree about which, if any, count or
portion of a count should be dismissed.  *See* ECF No. 113.  If the
parties could not reach an agreement, they were to brief the
issue.  *Id.*

In light of the court's rejection of the Government's
argument that the WSLA tolled the running of the applicable
limitations periods, the Government agreed that the applicable

statutes of limitations barred Counts Two, Three, Four, Five, Seven, Eight, and Nine. *See* ECF No. 115, PageID # 651 ("the parties agree that, pursuant to the Order, all of the counts in the Indictment are beyond [the applicable statutes of limitations] and must be dismissed"). Counts Two, Three, Four, Five, Seven, Eight, and Nine are therefore dismissed with respect to both Defendants.

While the Government also agreed that the applicable statutes of limitations barred the conspiracy charges asserted in Counts One and Six of the Indictment, that agreement differed from the position the Government asserted at the hearing on the underlying motion to dismiss. At the hearing, the Government argued that Counts One and Six are timely even without WSLA tolling. Count One alleges a conspiracy based on acts occurring from 2008 through 2015; Count Six alleges a conspiracy based on acts occurring from 2008 through 2013. *See* Indictment ¶ 14 and 80, ECF No. 1, PageID #s 4 and 17. Because the conspiracy counts allege acts occurring within five years of the filing of the Indictment in 2017, the Government argued at the hearing that they are not time-barred even if the WSLA does not toll any limitations period. *See Smith v. United States*, 568 U.S. 106, 113 (2013) (when acts in furtherance of a conspiracy occur during the applicable limitations period, the limitations period might not bar the corresponding count).

In a memorandum filed on October 28, 2019, the Government explains that, with respect to the conspiracy counts, it is unlikely to be able to prove acts occurring after April 30, 2012, given witnesses' lack of cooperation. *See* ECF No. 121. Thus, the Government says, this court's ruling that the WSLA is inapplicable makes Counts One and Six untimely, notwithstanding allegations in the Indictment that the conspiracies extended into 2015 or 2013. The Government argues that any acts alleged in the Indictment occurring within five years of the filing of the Indictment do not extend the limitations period because they were acts taken only to cover up the conspiracies, not acts in furtherance of the alleged conspiracies. *Id.* The Government therefore says that, if the WSLA is inapplicable, the conspiracy charges asserted in Counts One and Six are time-barred.

This court has before it no motion by the Government to dismiss all or part of the conspiracy charges asserted in Counts One and Six. Nor is the Government moving to amend Counts One and Six to narrow the charges against Nishiie. To the contrary, the Government has expressly disclaimed seeking any amendment that would be favorable to Nishiie. The Government simply asserts that the limitations period bars the conspiracy counts given the Government's inability to prove that the conspiracies existed "[f]rom in or about 2008 through in or about 2015" and

"[f]rom in or about 2008 through in or about 2013," respectively. Indictment ¶ 14 and 80, ECF No. 1, PageID #s 4 and 17.

Nishiie's motion to dismiss did not argue that the Government could not prove facts alleged in the Indictment or that the most recent acts alleged involved only a cover up, rather than being in furtherance of the alleged conspiracies. Under this set of circumstances, this court questions its authority to dismiss Counts One and Six as requested by the parties. In essence, that would require this court to grant a motion that no party has filed.

Nishiie moved to dismiss the Indictment on the ground that the statute of limitations had run with respect to each of the Counts alleged in the Indictment. Moreover, whether an indictment is supported by evidence is not a matter that a court ordinarily examines on a defense motion to dismiss.

With respect to Counts One and Six, this court rules that the Indictment alleges facts that preclude dismissal on limitations grounds. While the court agrees that the applicable statutes of limitations would bar Counts One and Six had those counts alleged conspiracies that ended by April 30, 2012, that is not the charge before this court. Counts One and Six therefore remain for adjudication.

Of course, the parties have the means to avoid a trial with respect to Counts One and Six. The Government is free to

ask the Grand Jury to issue a superseding indictment that
redefines the conspiracies, or to file a motion under Rule 48 of
the Federal Rules of Criminal Procedure seeking to dismiss
certain charges, or to move to amend the Indictment to make it
less onerous to Nishiie.  A motion to amend would not necessarily
run afoul of the Fifth Amendment's grand jury requirement
establishing "the substantial right to be tried only on charges
presented in an indictment returned by a grand jury."  *United
States v. Antonakeas,* 255 F.3d 714, 721 (9ᵗʰ Cir. 2001)
(quotation marks and citations omitted).  The Government may
narrow an indictment by reducing the charges or grounds alleged.
*See Stirone v. United States*, 361 U.S. 212, 215–16 (1960); *United
States v. Lyman*, 592 F.2d 496, 500–01 (9ᵗʰ Cir. 1978); Charles
Alan Wright & Andrew D. Leipold, *Fed. Practice & Procedure* § 128
(4ᵗʰ ed. 2008).  Because the Government says it is not moving to
amend, this court examines the effect of its WSLA ruling on the
actual charges in the Indictment.

Counts Two, Three, Four, Five, Seven, Eight, and Nine
are dismissed as untimely.  Counts One and Six remain for further
adjudication.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 31, 2019.



         /s/ Susan Oki Mollway
         Susan Oki Mollway
         United States District Judge

United States of America v. Nishiie, Crim. No. 17-00550 SOM, ORDER DISMISSING COUNTS
TWO, THREE, FOUR, FIVE, SEVEN, EIGHT, AND NINE